THOMAS K. SALTER v. MARTHA SALTER, ET AL.

**Husband and Wife—Divorce—Dower.**

> The husband has no right to money paid his wife as the value of her right of dower by the judgment of the court, and when he is required to pay his wife money in and during the pendency of a divorce suit between them, he cannot recoup such payment by being allowed to take money paid to his wife as dower when his land at the suit of creditors is sold.

**Relinquishment of Dower.**

> The refusal of the wife to relinquish dower cannot enure to the husband's benefit.

APPEAL FROM GARRARD CIRCUIT COURT.

April 26, 1876.

OPINION BY JUDGE PRYOR:

The only question necessary to be considered in this case is the right of the appellee to the money paid her as the value of her potential right of dower by the judgment of the Fayette Circuit Court. This money was paid to the appellee during the pendency of the action for a divorce, and by an order of court in an action to which the husband was a party; and it has been argued with some confidence that the proceedings in that case is a bar to any claim on the part of

the appellant to the money in the present action. This action in the Fayette court was on the part of the creditors of the appellant, in which his whole land was made liable for his debts.

His wife had no right in the land by virtue of the marriage relation that she could enforce, and only a mere contingent interest depending upon her surviving the husband. The sale of the land by creditors would have divested the husband of all title; and the refusal of the wife to relinquish dower could not have enured to his benefit. The predecessor buying the land upon the death of the wife would have acquired the absolute title as against the husband, and in a judgment for a divorce by the husband the wife's right of dower would have enured to the benefit of the purchaser of the land, and not the husband. So in a case like this it is really the creditor of the husband that is parting with his rights in purchasing a mere contingent interest, and the husband is not deprived, by reason of the marital relation, of any right or interest in the land on account of the claim of the wife.

It was not intended by the provisions of the statute regulating the rights of property as between husband and wife on a decree for a divorce that the value of a mere contingency of this sort, should be taken from the wife, when no right or title to the property of the husband had been vested in her by operation of law, or by any agreement on the part of the husband in consideration of the marriage or by reason of it, and when the rights of the husband are not affected by it. It is immaterial, therefore, whether the claim of the husband is bound by the proceedings in the Fayette court or not; the money acquired by the wife upon parting with this contingent interest to creditors should not be returned to the husband; and the judgment below adopting this view of the question must be *affirmed.*

*H. T. Neal, for appellant. Dunlap & Anderson, for appellees.*